UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DUANE T. BURNS and KEVIN
L. HENAULT,

      Plaintiffs,

v.                                        Case No. 8:11-cv-354-T-24-TBM

WINNEBAGO INDUSTRIES, INC.,

      Defendant.

_____/

## ORDER

      This cause comes before the Court on two motions: (1) Plaintiffs' Motion to Amend the Complaint (Doc. No 22), which Defendant opposes (Doc. No. 23); and (2) the parties joint motion to extend the deadline for filing the case management report (Doc. No. 21).

## I.    Background

      Plaintiffs allege the following in their original complaint  (Doc. No. 2): On May 31, 2007, Plaintiffs purchased a new 2007 Vectra Recreational Vehicle ("RV") that was manufactured by Defendant. The RV came with a limited warranty that covered defects in the RV for a period of

time. After Plaintiffs purchased the RV, they discovered numerous defects in the RV that were covered under the warranty.  Plaintiffs brought the RV to be repaired, but the manufacturer's authorized service agent was unable to repair the defects.

      As a result, Plaintiffs filed suit against Defendant in state court on May 21, 2010. In their original complaint, Plaintiffs assert one count against Defendant for breach of express warranty

under the Magnuson-Moss Warranty Act and the Florida Uniform Commercial Code. Plaintiffs allege that they suffered actual damages, as well as incidental and consequential damages.

Thereafter, Defendant removed the case to this Court.  Plaintiffs moved to remand the case, arguing that Defendant did not show by a preponderance of the evidence that the jurisdictional threshold for the amount in controversy was met.  The Court granted the motion on August 11, 2010.

The case proceeded in state court, with trial set for June of 2011.  During discovery, Defendant obtained information showing that the jurisdictional threshold for the amount in controversy was met.  As a result, Defendant removed the case back to this Court on February 22, 2011.

## II.      Motion to Amend the Complaint

This case has been pending for almost a year.  Plaintiffs now move to amend the complaint to add new facts (including a newly discovered defect of corrosion of the undercarriage of the RV), new claims, and an additional defendant.  Defendant responds that the motion should be denied, because Plaintiffs fail to set forth the specific dates on which they discovered the information supporting the proposed amendments.

Federal Rule of Civil Procedure 15(a) addresses amendments to the pleadings.  As explained by one court:

> The determination of whether to grant leave to amend the complaint after responsive pleadings have been filed is within the sound discretion of the trial court.  Leave to amend should be freely given when justice so requires.  Although generally, the mere passage of time, without more, is an insufficient reason to deny leave to amend a complaint, undue delay may clearly support such a denial.

Pines Properties, Inc. v. American Marine Bank, 156 Fed. Appx. 237, 240 (11th Cir. 2005) (internal citations omitted).  Given that this case has been pending for a year and Plaintiffs do not state when they discovered the information that led to the proposed amendments, this Court cannot find that they did not act without undue delay.  Accordingly, the Court denies their motion to amend without prejudice.

**III.     Motion to Extend Time to File the Case Management Report**

The parties jointly move to extend the deadline for filing the case management report by sixty days.  The reason for this extension is Plaintiffs' proposed amendments to the complaint, and the parties believe that the scheduling of the deadlines should not be done until all parties are present in the case.

Upon consideration, the Court denies the motion as unnecessary. The Court has denied the motion to amend the complaint without prejudice, and even if Plaintiffs refile the motion to amend, there is no need to wait for the proposed additional defendant before setting the deadlines in this case.  Therefore, the parties are directed to confer and file a joint case management report by May 27, 2011.

**IV.     Conclusion**

Accordingly, it is ORDERED AND ADJUDGED that:

(1)     Plaintiffs' Motion to Amend the Complaint (Doc. No 22) is DENIED WITHOUT PREJUDICE.

(2)     The parties' joint motion to extend the deadline for filing the case management report (Doc. No. 21) is DENIED.  The parties are directed to file a joint case management report by May 27, 2011.

3

**DONE AND ORDERED** at Tampa, Florida, this 11th day of May, 2011.

Copies to:
Counsel of Record

SUSAN C. BUCKLEW
United States District Judge