UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DUANE T. BURNS and KEVIN L. HENAULT,

Plaintiffs,

v. Case No. 8:11-cv-354-T-24-TBM

WINNEBAGO INDUSTRIES, INC.,

Defendant.

_______________________________/

**ORDER**

This cause comes before the Court on Defendant's Motion for Summary Judgment. (Doc. No. 44). Plaintiffs oppose the motion. (Doc. No. 55). As explained below, the motion is granted.

**I. Standard of Review**

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The Court must draw all inferences from the evidence in the light most favorable to the non-movant and resolve all reasonable doubts in that party's favor. See Porter v. Ray, 461 F.3d 1315, 1320 (11th Cir. 2006)(citation omitted). The moving party bears the initial burden of showing the Court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial. See id. (citation omitted). When a moving party has discharged its burden, the non-moving party must then go beyond the pleadings, and by its own

affidavits, or by depositions, answers to interrogatories, and admissions on file, designate specific facts showing there is a genuine issue for trial. See id. (citation omitted).

## II. Background

On May 31, 2007, Plaintiffs Duane Burns and Kevin Henault purchased a new 2007 Vectra Recreational Vehicle ("RV") from R.V. World of Nokomis, Inc. (the "Dealer"). The RV was manufactured by Defendant Winnebago Industries, Inc., and the RV came with a "Basic Limited Warranty" from Defendant. (Doc. No. 49-3, Ex. 5). The warranty stated that "[a]ny part of the vehicle subject to this warranty that is found to be defective in material or workmanship under normal use and maintenance will be repaired or replaced at [Defendant's] option without charge to the customer for parts or labor upon notice of the defect." (Doc. No. 49-3, Ex. 5). The warranty period for the RV was the twelve month period from May 31, 2007 through May 31, 2008.

The warranty provided a procedure for obtaining warranty repairs. Specifically, the warranty terms directed the customer to take the RV to the selling dealer for repair or inspection, and it required the customer to give written notice of the defects to *both* the selling dealer and Defendant. The warranty further provided that if the dealer is unable to make the repairs, the customer should request that the dealer contact Defendant. If those steps do not resolve the problem, the warranty terms stated that the customer should contact Defendant and provide Defendant with certain specified information regarding the RV and the unrepaired defects.[1]

---

[1]The warranty provides contact information for Defendant, consisting of a mailing address and phone number.

Plaintiffs contend that the RV had several defects that arose during the warranty period, and they state that the Dealer and Defendant failed to repair five of those defects. Specifically, Plaintiffs contend that: (1) the in-motion satellite system was never repaired; (2) the RV continues to have electrical problems that have not been repaired; (3) there is a smell of propane in the cabin; (4) the air conditioning has not been fully repaired, as it functions intermittently; and (5) a raw sewage smell remains in the RV due to prior leaks from the wastewater storage tank, which resulted from defects in the storage tank's cap and seal[2]. (Doc. No. 55-1, depo. p. 35, 60-61, 74-76, 80, 87, 90; Doc. No. 55-2, depo. p. 78, 81, 87, 91-92, 127-28; Doc. No. 49-2 depo. p. 76-77).

As a result of these unrepaired defects, Plaintiffs filed suit against Defendant. In their complaint, Plaintiffs assert one count against Defendant for breach of express warranty under the Magnuson-Moss Warranty Act ("MMWA") and Florida's Uniform Commercial Code ("UCC").[3] (Doc. No. 2).

**III. Motion for Summary Judgment**

Defendant moves for summary judgment, arguing: (1) Plaintiffs cannot assert a claim under the MMWA, because the RV is not a consumer product; (2) Plaintiffs never gave Defendant direct notice of the defects; (3) Plaintiffs have no expert testimony to support their contention that there are any unrepaired defects that arose during the warranty period; and (4)

---

[2]Plaintiffs acknowledge that the storage tank's defective cap and seal have been fixed. (Doc. No. 55-2, depo. p.1 27-28). However, they contend that the raw sewage smell remains.

[3]One of the benefits of asserting the breach of warranty claim under the MMWA is that the MMWA allows for the recovery of attorneys' fees, while Florida's UCC does not. See Ocana v. Ford Motor Co., 992 So. 2d 319, 324 n.1 (Fla 3d DCA 2008); see also Najran Co. for General Contracting & Trading v. Fleetwood Enterprises, Inc., 659 F. Supp. 1081, 1099 (S.D. Ga. 1986).

Plaintiffs cannot prove damages (i.e., the diminished value of the RV due to the unrepaired defects), because they have no expert testimony on the issue. Because the Court finds that Defendant is entitled to summary judgment due to Plaintiff's failure to give Defendant notice of the defects, the Court will not address Defendant's arguments regarding proof of the existence of the unrepaired defects and proof of damages.

**A. Consumer Products under the MMWA**

Defendant argues that it is entitled to summary judgment on Plaintiffs' MMWA claim, because the MMWA only covers consumer products. Further, Defendant argues that the RV at issue is not a consumer product due to the fact that Plaintiffs declared it a business asset of their corporation and allowed their corporation to take deductions for depreciation and interest related to the RV on their corporate tax returns.[4] The Court rejects this argument.

The MMWA provides that a "consumer" who is damaged by the failure of a warrantor to comply with any obligation under a written warranty may bring a suit for damages and other legal and equitable relief. 15 U.S.C. § 2310(d)(1). The MMWA defines a "consumer" as including buyers of any "consumer product," and it defines a "consumer product" as tangible personal property that is distributed in commerce and "is normally used for personal, family, or household purposes." 15 U.S.C. § 2301(1) and (3). The federal regulations explain that "the use to which a product is put by an individual buyer is not determinative" and that products that can

---

[4]Defendant also points out that Plaintiffs have taken inconsistent positions with the IRS and this Court. Specifically, Plaintiffs declared the RV a business asset of their corporation and allowed their corporation to take deductions for depreciation and interest related to the RV on their corporate tax returns. (Doc. No. 45). However, Plaintiffs stated in their deposition testimony that they have *never* used the RV for business purposes, and instead, they only use it for family vacations. (Doc. No. 50-1, depo. p. 54-55; Doc. No. 49-1, depo. p. 42).

be "used for both personal and commercial purposes come within the definition of [a] consumer product." 16 C.F.R. 700.1(a). Thus, the Court concludes that the RV at issue is a consumer product, because RVs are normally used for personal or family purposes. See Najran Co. for General Contracting & Trading v. Fleetwood Enterprises, Inc., 659 F. Supp. 1081, 1099 (S.D. Ga. 1986)(stating that a product is a consumer product if that type of product is normally used for personal, family, or household purposes); Stoebner Motors, Inc. v. Automobili Lamborghini S.P.A., 459 F. Supp.2d 1028, 1032-33 (D. Hawaii 2006)(stating that it is the common use of the product that determines whether it is a consumer product under the MMWA; the plaintiff's actual use of the product is irrelevant); Kwiatkowski v. Volvo Trucks North America, Inc., 500 F. Supp.2d 875, 876 (N.D. Ill. 2007)(stating that the term, "consumer products" under the MMWA encompasses all products commonly used for consumer purposes). Accordingly, Plaintiffs' treatment of the RV as a business asset does not preclude Plaintiffs from asserting a claim under the MMWA.

**B. Notice to Defendant of Defects**

Next, Defendant argues that Plaintiffs' MMWA and UCC breach of express warranty claims fail, because Plaintiffs never gave Defendant direct notice of the defects and an opportunity to repair them. As explained below, the Court agrees and finds that Defendant is entitled to summary judgment.

**1. Breach of Express Warranty Under Florida's UCC**

In order to succeed on their breach of express warranty claim under Florida's UCC, Plaintiffs must show: (1) a covered defect existed in the product at the time of sale; (2) notice of the defect was given within a reasonable time after the defect was discovered; and (3) Defendant

was unable to repair the defect. See Bailey v. Monaco Coach Corp., 350 F. Supp.2d 1036, 1043 (N.D. Ga. 2004)(citing Fla. Stat. § 672.607(3)(a)). Defendant contends, and the Court agrees, that Plaintiffs did not properly give notice to Defendant of the alleged defects in the manner provided by the terms of the warranty. Specifically, the warranty terms require that Plaintiffs give Defendant written notice of the alleged defects, and that if the dealer cannot repair the defect, Plaintiffs should contact Defendant directly regarding the dealer's failed repair attempt.

Plaintiffs concede that they never communicated directly with Defendant. (Doc. No. 49-1, depo. p. 45; Doc. No. 50-1, depo. p. 69-70). Thus, they did not comply with the warranty terms that required them to give Defendant written notice of the alleged defects and the dealer's failed repair attempt. However, Plaintiffs contend that they were not required to communicate directly with Defendant, because they notified the Dealer of the RV's defects and that was all that is required under Florida law, specifically Florida Statute § 672.607(3)(a). In support of this argument, they cite to the case of Federal Insurance Co. v. Lazzara Yachts of North America, Inc., 2010 WL 1223126 (M.D. Fla. Mar. 25, 2010). The Court finds Plaintiffs' reliance on Lazzara to be misplaced.

In Lazzara, the plaintiff asserted a breach of express warranty claim under Florida law against the defendant-manufacturer of a yacht. See id. at *5. The defendant-manufacturer argued that the state law warranty claim should be dismissed, because it was not given notice of the breach. See id. The court analyzed the requirement set forth in § 672.607(3)(a) of Florida's UCC that a buyer provide notice to the seller of any breach within a reasonable time, or else the buyer is barred from any remedy. See id. (citing Fla. Stat. § 672.607(3)(a)). The court stated that the plain language of the statute only required that notice be given to the seller; it did not

require that notice be given to the manufacturer also. See id. The court noted that the defendant-manufacturer did not argue that the plaintiff did not notify the seller of the defect. See id. at *5 n.5. As a result, the court did not dismiss the state law breach of express warranty claim due to the plaintiff's failure to provide notice of the breach to the defendant-manufacturer. See id. at *5.

The Lazzara case is distinguishable from the instant case. Based on the discussion in the Lazzara case, it appears that the defendant-manufacturer only argued that it did not receive notice of the defect as required by § 672.607(3)(a) of Florida's UCC, which only requires notice to the seller. The terms of the defendant-manufacturer's express warranty were not discussed, and there was no indication that the defendant-manufacturer argued to the court that the terms of its express warranty required the plaintiff to directly notify it of the alleged defect. Conversely, in the instant case, Defendant has argued that under the terms of its limited warranty, Plaintiffs were required to directly notify it of any alleged defects in the RV. Thus, the Lazzara court's conclusion that § 672.607(3)(a) did not require that notice be given to the manufacturer is of no consequence to the instant case, because this Court finds that the terms of the limited warranty in the instant case required Plaintiffs to directly notify Defendant of any alleged defects in the RV.[5] See Bailey, 350 F. Supp.2d at 1043 (stating that the terms of the express warranty can supplement the notice required by Florida law); Sipe v. Fleetwood Motor Homes of Pennsylvania, Inc., 574 F. Supp.2d 1019, 1025 (D. Minn. 2008)(finding that the terms of the express warranty, which required that the plaintiff give notice directly to the defendant-

[5]Plaintiffs have not argued that the Dealer was Defendant's agent, and as such, notice to the Dealer was sufficient. Furthermore, there is no evidence before this Court to make such a finding of agency. Instead, Defendant has submitted evidence that the Dealer was not its agent. (Doc. No. 48). Thus, agency is not an issue in this case.

manufacturer of any alleged defects, foreclosed his breach of warranty claim due to his failure to provide such notice). Stated differently, Plaintiffs were required to comply with the notice requirements contained in *both* § 672.607(3)(a) and the terms of Defendant's warranty, and Plaintiffs' failure to comply with the warranty's requirement to directly notify Defendant is fatal to their claim.

Accordingly, the Court finds that Plaintiffs cannot establish a state law breach of express warranty claim, because they have not shown that they complied with the terms of the warranty requiring them to directly notify Defendant of any alleged defect and of unsuccessful dealer repair attempts. As such, Defendant is entitled to summary judgment on this claim.

**2. Breach of Express Warranty Under the MMWA**

Because Plaintiffs' breach of express warranty claim under Florida's UCC fails, their breach of express warranty claim under the MMWA necessarily fails also. See Hunter v. Marlow Yachts, Ltd., Inc., 2011 WL 3794674, at *7 (M.D. Fla. Aug. 26, 2011)(stating that the MMWA claim was dependent upon a sustainable state law claim for breach of warranty); Ocana v. Ford Motor Co., 992 So. 2d 319, 323 (Fla 3d DCA 2008)(stating that whether there has been a breach of a limited express warranty under the MMWA is governed by state law). Furthermore, 15 U.S.C. § 2310(e) of the MMWA provides an additional basis for summary judgment on the MMWA claim. Specifically, § 2310(e) of the MMWA provides that no action may be brought under 15 U.S.C. § 2310(d) for failure to comply with any obligation under any written warranty "unless the person obligated under the warranty . . . is afforded a reasonable opportunity to cure such failure to comply." 15 U.S.C. § 2310(e). It is undisputed that Plaintiffs never directly notified Defendant of the defects or the unsuccessful dealer repair attempts prior to filing this

suit, and as such, they did not afford Defendant a reasonable opportunity to repair the defects. Accordingly, their MMWA claim fails. See Lewis v. Mercedes-Benz USA, LLC, 2004 WL 3756384, at *3-4 (N.D. Ga. Sept. 13, 2004)(finding that the plaintiff's delivery of the defective vehicle to the defendant-warrantor's authorized dealership did not afford the defendant-warrantor a reasonable opportunity to cure, as required by the MMWA, because the terms of the warranty required that the plaintiff directly notify the defendant-warrantor of the defect). Accordingly, the Court grants Defendant summary judgment on Plaintiffs' express warranty claim under the MMWA.

## IV. Conclusion

Accordingly, it is ORDERED AND ADJUDGED that:

(1) Defendant's Motion for Summary Judgment (Doc. No. 44) is **GRANTED**.

(2) The Clerk is directed to enter judgment in favor of Defendant and to close this case.

**DONE AND ORDERED** at Tampa, Florida, this 20th day of January, 2012.

Susan C. Bucklew
SUSAN C. BUCKLEW
United States District Judge

Copies to:
All Parties and Counsel of Record