UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DUANE T. BURNS and KEVIN
L. HENAULT,

    Plaintiffs,

v.                                         Case No. 8:11-cv-354-T-24-TBM

WINNEBAGO INDUSTRIES, INC.,

    Defendant.

_____/

## ORDER

This cause comes before the Court on Defendant's Motion for Attorneys' Fees and Costs.[1] (Doc. No. 70). Plaintiffs have not filed a response in opposition, and as such, the Court deems the motion to be unopposed.

## I. Background

Plaintiffs filed suit against Defendant in state court, and the case was removed to this Court. In their complaint, Plaintiffs asserted one count against Defendant for breach of express warranty under the Magnuson-Moss Warranty Act and Florida's Uniform Commercial Code due to unrepaired defects in a recreational vehicle that they bought. Thereafter, Defendant moved for summary judgment, which the Court granted. The Court entered judgment against Plaintiffs on January 23, 2012, and Defendant filed the instant motion on February 6, 2012. On February 17,

---

[1] While the instant motion is titled as a motion to tax attorneys' fees and costs, Defendant states in the motion that it is seeking a determination regarding its *entitlement* to recover such fees and costs. Furthermore, Defendant requests leave to submit supporting documentation regarding the amount of such fees and costs.

2012, Plaintiffs filed a Notice of Appeal regarding this Court's orders denying them leave to amend, granting Defendant summary judgment, and the judgment entered in this case.[2]

## II. Motion for Attorneys' Fees and Costs

Defendant served offers of judgment on Plaintiffs on August 23, 2010, pursuant to Florida Statute § 768.79. In the offers, Defendant offered to pay each of them $7,500 to settle the claims in this case. Neither Plaintiff accepted Defendant's offer.

Pursuant to § 768.79, "if a defendant files an offer of judgment which is not accepted by the plaintiff within 30 days, the defendant shall be entitled to recover reasonable costs and attorney's fees incurred . . . from the date of filing of the offer if the judgment is one of no liability." Upon consideration, the Court finds that Defendant is entitled to recover its reasonable attorneys' fees and expert witness costs incurred after August 23, 2010.

## III. Conclusion

Accordingly, it is ORDERED AND ADJUDGED that:

(1) Defendant's Motion for Attorneys' Fees and Costs (Doc. No. 70) is **GRANTED TO THE EXTENT THAT** the Court concludes that Defendant is entitled to recover its reasonable attorneys' fees and expert witness costs incurred after August 23, 2010.

(2) Defendant is directed to file a motion regarding the amount of its reasonable attorneys' fees and expert witness costs, along with its detailed billing records and an affidavit regarding reasonableness, by March 6, 2012. If Plaintiffs oppose

---

[2]The fact that Plaintiffs filed a Notice of Appeal does not divest this Court of jurisdiction to award attorneys' fees. See Briggs v. Briggs, 260 Fed. Appx. 164, 165 (11th Cir. 2007)(citation omitted); Budinich v. Becton Dickinson & Co., 486 U.S. 196, 199-200 (1988).

Defendant's motion, they are directed to file a response thereto by March 20, 2012. Defendant may file a reply brief, not to exceed seven pages, by March 27, 2012.

**DONE AND ORDERED** at Tampa, Florida, this 24th day of February, 2012.

SUSAN C. BUCKLEW
United States District Judge

Copies to:
All Parties and Counsel of Record