UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DUANE T. BURNS and KEVIN
L. HENAULT,

    Plaintiffs,

v.                                        Case No. 8:11-cv-354-T-24-TBM

WINNEBAGO INDUSTRIES, INC.,

    Defendant.

_____/

**ORDER**

This cause comes before the Court on Defendant's Motion for Attorneys' Fees and Expert Witness Costs. (Doc. No. 74). Plaintiffs have not filed a response in opposition, and as such, the Court deems the motion to be unopposed.

**I. Background**

Plaintiffs filed suit against Defendant in state court, and the case was removed to this Court. In their complaint, Plaintiffs asserted one count against Defendant for breach of express warranty under the Magnuson-Moss Warranty Act and Florida's Uniform Commercial Code due to unrepaired defects in a recreational vehicle that they bought. Thereafter, Defendant moved for summary judgment, which the Court granted. The Court entered judgment against Plaintiffs on January 23, 2012, and Defendant filed a motion regarding entitlement to attorneys' fees and expert witness costs on February 6, 2012.[1] On February 17, 2012, Plaintiffs filed a Notice of

---

[1] The motion was based on the fact that Defendant had served offers of judgment on Plaintiffs on August 23, 2010, pursuant to Florida Statute § 768.79, which Plaintiffs did not accept.

Appeal regarding this Court's orders denying them leave to amend, granting Defendant summary judgment, and the judgment entered in this case.[2]

On February 24, 2012, this Court granted Defendant's motion regarding entitlement to attorneys' fees and expert witness costs incurred after August 23, 2010. The Court directed Defendant to file a motion regarding the amount of its reasonable attorneys' fees and expert witness costs, which is currently pending before the Court. The Court directed Plaintiffs, if they opposed Defendant's motion, to file a response thereto by March 20, 2012. To date, Plaintiffs have failed to file a response, and as such, the Court considers the motion to be unopposed.

## II.  Motion for Attorneys' Fees and Expert Witness Costs

In its motion, Defendant seeks attorneys' fees and expert witness costs totaling $94,284.29. In support of this request, Defendant has filed detailed billing records, as well as the affidavits in support. The hourly rate for the two attorneys that worked on the case did not exceed $200, which this Court finds to be a reasonable hourly rate based upon the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation. Furthermore, the Court finds that the hours expended on the litigation were reasonable. Finally, the Court has reviewed the expert witness costs and finds them to be reasonable.

## III.  Conclusion

Accordingly, it is ORDERED AND ADJUDGED that Defendant's Motion for Attorneys' Fees and Expert Witness Costs (Doc. No. 74) is **GRANTED**. The Clerk is directed to enter a

---

[2]The fact that Plaintiffs filed a Notice of Appeal does not divest this Court of jurisdiction to award attorneys' fees. See Briggs v. Briggs, 260 Fed. Appx. 164, 165 (11th Cir. 2007)(citation omitted); Budinich v. Becton Dickinson & Co., 486 U.S. 196, 199-200 (1988).

Fee/Cost Judgment against Plaintiffs, jointly and severally, in the amount of $94,284.29, which represents Defendant's attorneys' fees and expert witness costs incurred after August 23, 2010.

**DONE AND ORDERED** at Tampa, Florida, this 23rd day of March, 2012.

/s/ Susan C. Bucklew
SUSAN C. BUCKLEW
United States District Judge

Copies to:
All Parties and Counsel of Record