UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DUANE T. BURNS and KEVIN
L. HENAULT,

      Plaintiffs,

v.                                           Case No. 8:11-cv-354-T-24-TBM

WINNEBAGO INDUSTRIES, INC.,

      Defendant.

_____/

## ORDER

This cause comes before the Court on Defendant's Motion for Attorney Fees Judgment. (Doc. No. 91). Plaintiffs have not filed a response in opposition, and as such, the Court deems the motion to be unopposed.

**I.  Background**

Plaintiffs filed suit against Defendant for alleged defects with their recreational vehicle. On January 20, 2012, this Court granted Defendant's motion for summary judgment. (Doc. No. 66). Plaintiffs appealed to the Eleventh Circuit, and the Eleventh Circuit affirmed this Court. (Doc. No. 80). Defendant filed a motion for attorneys' fees with the Eleventh Circuit, pursuant to Florida's offer of judgment statute, Florida Statute § 768.79. The Eleventh Circuit granted Defendant's motion for attorneys' fees as to the issue of entitlement, and the Eleventh Circuit remanded to this Court the determination of the reasonable amount of appellate attorneys' fees and costs to be awarded. (Doc. No. 89). Defendant filed the instant motion, in which it seeks $30,175 in attorneys' fees and $429.06 costs

**II. Attorneys' Fees**

In the instant motion, Defendant seeks $30,175 in attorneys' fees. Before awarding attorneys' fees, the Court must determine if the amount requested is reasonable.

The starting point in determining reasonable attorney's fees is the lodestar, which is properly calculated by multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate. Norman v. Hous. Auth. of City of Montgomery, 836 F.2d 1292, 1299 (11th Cir. 1988)(citation omitted). Furthermore, "[t]he fee applicant bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates." Id. at 1303 (citation omitted).

A reasonable hourly rate is based upon "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." Id. at 1299 (citations omitted). An applicant may meet its burden of establishing a reasonably hourly rate by setting forth direct evidence of rates charged under similar circumstances or submitting opinion evidence of reasonable rates. See id. In addition, the Court may use its own expertise and judgment to make an appropriate independent assessment of the reasonable value of an attorney's services. See id. at 1304. In calculating what hours were reasonably expended on litigation, the court should exclude excessive, unnecessary, and redundant hours, and it should also exclude any time spent litigating discrete and unsuccessful claims. See id. at 1301, 1302 (citation omitted).

Defendant's request for attorneys' fees is based upon the following: Defendant seeks attorney's fees in the amount of $11,990 for the work performed by Kimberly Ashby, Esq. Ashby is an attorney with 30 years of legal experience. Ashby performed 43.6 hours of work at

a rate of $275 per hour.

Defendant seeks $425 for the work performed by Tammy Nantz. Nantz is a certified paralegal that performed 3.4 hours of work at a rate of $125 per hour.

Defendant seeks attorney's fees in the amount of $14,100 for the work performed by Scott Powell, Esq. Powell is an attorney with 23 years of legal experience. Powell performed 70.5 hours of work at a rate of $200 per hour.

Defendant seeks attorney's fees in the amount of $3,660 for the work performed by Frederick Mohre, Esq. Mohre is an attorney with 10 years of legal experience. Mohre performed 18.3 hours of work at a rate of $200 per hour.

Upon review, the Court concludes that the hourly rates listed above are reasonable and reflect the prevailing market rate in the relevant legal community for similar services by lawyers and paralegals of reasonably comparable skills, experience, and reputation. Furthermore, the Court concludes that the amount of time spent on the work performed is also reasonable. Accordingly, the Court concludes that the requested attorneys' fee award of $30,175 is reasonable and will be awarded.

**III. Costs**

Defendant also seeks $429.06 in costs for various expenses, including copies, long-distance phone calls, and postage. Upon review, the Court concludes that these costs are reasonable and will be awarded.

**IV. Conclusion**

Accordingly, it is ORDERED AND ADJUDGED that Defendant's Motion for Attorney Fees Judgment (Doc. No. 91) is **GRANTED**. Defendant is awarded $30,175 in attorneys' fees and

$429.06 in costs. The Clerk is directed to enter an amended judgment that reflects this attorneys' fees and costs award.

**DONE AND ORDERED** at Tampa, Florida, this 5th day of March, 2013.

SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record